**Kenneth E. WOOD, Petitioner Below, Appellant,**

v.

**Raymond W. ANDERSON et al., Respondents Below, Appellees.**

*Supreme Court of Delaware.*

Jan. 31, 1974.

John B. Kennedy, Asst. Public Defender, Wilmington, for petitioner below, appellant.

Harrison F. Turner, Deputy Atty. Gen., Dover, for respondents below, appellees.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

This is an appeal from the denial of a writ of habeas corpus by the Superior Court. The writ was sought for the release of Kenneth E. Wood on the ground that he was wrongfully imprisoned upon his conviction in the Court of Common Pleas in Kent County on charges of intoxication, resisting arrest, and assault and battery upon a police officer.

Wood was represented by a Public Defender from New Castle County, then recently assigned to Kent County. Promptly after a one year prison sentence was imposed by the Court of Common Pleas, an appeal was taken to the Superior Court by the Public Defender under Superior Court Criminal Rule 37.[1] An appeal bond was

1. Superior Court Criminal Rule 37 provides:
   "RULE 37. TAKING APPEAL; TIME
   "All appeals to the Superior Court, unless otherwise provided by statute, shall be taken within 15 days from the date of sentence. It shall be the duty of the court below to file forthwith in the office of the Prothonotary the appeal bond and a certified transcript of the record."

Rule 38(a) provides in pertinent part:
   "RULE 38. STAY OF EXECUTION, AND RELIEF PENDING REVIEW
   "(a) Upon giving the required bond, an appeal to the Superior Court shall operate as a complete stay or supersedeas of the judgment or proceedings in the court below, * * *."

perfected and Wood was released from custody pending the appeal.

It appears that in 1966 new local Rules were promulgated by the Superior Court, "pertaining to appeals from Courts of Common Pleas of Kent and Sussex Counties", substantially different from the Rules pertaining to the Court of Common Pleas of New Castle County. The 1966 Rules were printed separately in pamphlet form, but it appears that they were never otherwise published as to criminal cases.[2] They have not appeared, it seems, with the other consolidated Superior Court Rules, either in pamphlet form or in the Delaware Code; and no reference is made to the 1966 Rules in the recently adopted Common Pleas Criminal Rules. See Rules 37 and 39. Although copies of the 1966 Rules were found in the Kent County Law Library by the Deputy Attorney General, it does not appear that they were available to the Public Defender there or elsewhere. The 1966 Rules are substantially different from Rule 37.

Upon motion of the Attorney General, the Court of Common Pleas cancelled Wood's appeal bond for failure to perfect an appeal in accordance with the 1966 Rules; and Wood was incarcerated to serve the sentence previously imposed. The writ of habeas corpus was sought thereafter in the Superior Court. The writ was denied on the ground that Wood had not complied with the 1966 Rules. This appeal followed.

We hold that Wood must be released. The situation in this case is governed by Rule 37 which must be deemed to supersede the inadequately published 1966 Rules. There was substantial compliance with Rule 37 and, thereupon, a stay of the sentence of imprisonment was automatically effectuated by Rule 38(a).

Accordingly, it is our opinion that the revocation of Wood's appeal bond and his consequent incarceration by the Court of Common Pleas were improper. It follows that the Superior Court erred in denying the writ of habeas corpus.

The judgment below is reversed and the cause remanded with instructions to the Superior Court to order the reinstatement of the appeal bond and the release of Wood pending the prosecution of his appeal to the Superior Court from the Court of Common Pleas conviction.

---

2. Superior Court Civil Rule 72(h), by general reference to "local rules" governing "Appeals from the Courts of Common Pleas of Kent and Sussex Counties" makes the 1966 Rules applicable to civil cases.